UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
MARLENE RIVERA.,

                Plaintiff,                <u>ORDER</u>
                                                   1:21-CV-11174-GRJ

      v.

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

Pending before the Court is Plaintiff's Petition Seeking Payment Pursuant to the Equal Access to Justice Act. (Docket No. 26.)  Plaintiff also has filed an affirmation of Mark J. Keller and a memorandum in support. (Docket Nos. 27 & 28). Defendant has filed a memorandum of law in opposition to plaintiff's motion (Docket No. 29) and the motion is otherwise ripe for review.

Plaintiff's counsel seeks $14,798.72 for 64 hours of attorney work in this case. Although the Commissioner does not dispute that Plaintiff was the prevailing party and does not challenge the request on the ground that the position of the United States was substantially justified, the

1

Commissioner objects to the amount of the fee request arguing that the request is excessive under the circumstances.

For the reasons explained below the Court agrees that the amount of the fee request is excessive and therefore the amount of the fee request is due to be reduced.

## DISCUSSION

The EAJA provides that a court shall award costs and attorney's fees to a party who prevails against the United States in a non-tort civil action, unless the court finds that the position of the United States was substantially justified or that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, the attorney's fees must be "reasonable attorney's fees." § 2412(d)(2)(A).

The fee applicant bears the burden of establishing the appropriate hours to be compensated. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). In doing so, the fee applicant "must exercise what the Supreme Court has termed 'billing judgment.'" *Id.* Thus, the fee applicant must exclude excessive, redundant, or otherwise unnecessary hours, *i.e.*, hours that would be unreasonable to bill to a client.

Courts in the Second Circuit have recognized that 20 to 40 hours reflects a reasonable expenditure of time in a routine disability case. *See,*

*e.g., Padula v Colvin,* 602 F. App'x 25, 28 (2d Cir. 2015)(summary order)(citation omitted); *Barbour v. Colvin,* 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014(citing numerous cases and noting that "[d]istrict courts in this Circuit generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases"); *accord Sava v Comm'r of Soc. Sec.,* No. 06-cv-3386, 2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014).

Fees in excess of the 20-to-40-hour range may be appropriate, however, where there is a voluminous administrative record and the factual and legal issues are complex. *See, Barbour,* 993 F. Supp. 2d at 291 ("Relevant factors to weigh [in determining whether an increase over the guideline range is warranted] include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.")

Plaintiff argues that an award in excess of the typical 20-to-40-hour range is warranted in this case because the record consisted of 3,604 pages of medical records, which required additional time to review, analyze and summarize. Additionally, Plaintiff points to the 48-page memorandum, which Plaintiff says, was necessary to explain the issues to the Court.

While the Court agrees that the administrative record was large there are three reasons why Plaintiff has not met his burden to establish that 64 hours were reasonable and necessary.

First, although Plaintiff filed a memorandum of law in support of his client's position the case was resolved by stipulation of the parties, (Docket No. 23) and thus counsel was not required to file any reply brief, which is typically included in the forty-hour range. *See, Rosario v. Comm'r,* No. 21-cv-3811, 2022 WL 17669939, at *4 (S.D.N.Y. Dec. 14, 2022)(Court finding that "Plaintiff has failed to demonstrate that all the hours expended were reasonable, "in part due to the fact that the "'case was remanded by joint stipulation after only the opening brief was filed, while the 20-to-40-hour range common in most social security cases involves more briefing.''")

Second, Plaintiff has not identified any extraordinarily difficult or complex legal or factual issues. To the contrary the issues and arguments presented in this case are fairly common and straightforward in Social Security appeals. Indeed, although Plaintiff alleged many different impairments the main focus of Plaintiff's argument in support of reversal focused upon Plaintiff's migraines and how they affected her ability to maintain employment.  While review of the entire administrative record may have been required the focus of Plaintiff's arguments were not particularly

complex nor novel. Other courts have not been reluctant to reduce a request for fees that are in excess of the forty-hour range where the case did not involve difficult or complex legal or factual issues. *See, e.g., Woody v Colvin,* No. 14-cv-718, 2015 WL 728179, at *2 (S.D.N.Y. Feb. 19, 2015)(reducing request for 58.89 hours to 40 hours where counsel "fail[ed] to demonstrate that this case required him to navigate any extraordinarily difficult of complex legal or factual issues."); *Forrest v. Colvin,* No. 15-cv-1573, 2016 WL 6892784, at *4 (S.D.N.Y. Nov. 21, 2016)(requested award was "excessive and unreasonable" in part because case did not present any "particularly complex legal issues."); *Rivera v. Astrue,* No. 07-cv-3129, 2009 WL 1351044, at *1 (E.D.N.Y. May 13, 2009)("when a case does not 'rais[e] any extraordinarily difficult or complex legal or factual issues,' … the hours spent litigating it should not have exceeded the guideline range."); *Roman v Colvin,* No. 13-CV-7284, 2015 WL 99000276, at *1 (S.D.N.Y. Dec. 7, 2015)(noting how well-trodden this area of the law is and that this case did not present nay novel issues.).

    Last, the time records Plaintiff's counsel submitted fail to provide sufficient detail to support his request for fees in for more than the 40-hour range. For example, the time records reflect only generally that counsel spent 11 hours for "reading [the] record" and 49 hours for "memorandum of

law" without any specificity as to the time spent on distinct arguments, issues, or review of specific portions of the administrative record. Plaintiff bears the burden of establishing entitlement to an award and documenting the appropriate hours expended. *Hensley*, 461 U.S. at 437.  Importantly, the attorney should "maintain billing records in a manner that will enable a reviewing court to identify distinct claims." *Id.* In the present case, the billing records fail to highlight the work that was performed other than a review of the record and work on a memorandum of law. In the absence of more detailed time records, the Court concludes that Plaintiff has not established the reasonableness of expending 64 hours in this case. The fee request is, therefore, due to be reduced.

The Commissioner requests a 25-percent across-the-board reduction for the 60 hours of time entries related to reviewing the record and drafting the memorandum of law. While a reduction is justified an across-the-board 25 percent reduction is not warranted because the administrative record in this case admittedly was very voluminous. Thus, the expenditure of 11 hours for reviewing the record is not unreasonable. On the other hand, the Court finds that 49 hours for preparing the memorandum of law by an experienced Social Security attorney is excessive and unreasonable and must be reduced. While the memorandum of law was 48 pages in length

the Court concludes that 35 hours for preparation of the memorandum of law is more than reasonable to compensate Plaintiff's counsel for preparing the memorandum of law. Therefore, Plaintiff's fee request is reduced by 14 hours, which results in a fee award of $11,561.50.[1]

Upon due consideration, it is **ORDERED**:

1. Plaintiff's Motion for Payment Pursuant to the Equal Access to Justice Act, Docket No. 26, is **GRANTED** in the amount specified in this Order.

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of **$11,561.50.** The payment of attorney's fees is subject to any offsetting debt owed by the Plaintiff to the United States. Before the Commissioner shall be obligated to pay the EAJA fees and costs, the Commissioner must determine whether Plaintiff owes a debt to the government. In the event the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Commissioner must then pay the fees directly to Plaintiff's counsel.

Dated: March 7, 2023               *s/ Gary R. Jones*
                                    GARY R. JONES
                                    United States Magistrate Judge

---

[1] This total represents 11 hours for reviewing the record, 35 hours for preparing the memorandum of law, plus four hours for creating chronologies of the record and drafting the EAJA motion. (50 hours x $231.23/hour = $11,561.50)